UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ-GONZALEZ,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. 5:26-cv-06770-SSC<br><br>MEMORANDUM AND ORDER |

Before the Court is a counseled petition for writ of habeas corpus brought by Petitioner Luis Martinez-Gonzalez who challenges his immigration detention.

The petition alleges the following facts.[1] Petitioner is a citizen of Mexico who entered the United States at the age of six. (ECF 2 at 15.) In 2013, he was taken into Immigration and Customs Enforcement (ICE) custody and placed in removal proceedings. (*Id.* at 16.) He was released in November 2013 after paying a bond set by an immigration judge. (*Id.*) On December 16, 2024, Petitioner's application for asylum was denied and he was granted voluntary departure. (*Id.*) He timely appealed and his appeal remains pending. (*Id.*) He alleges that he

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

complied with all terms of his bond and has no criminal history. (*Id.* at 16–17.) In 2018, he was taken into custody after a "heated" argument with his then-girlfriend but no charges were filed. (*Id.* at 17.) Petitioner was re-detained on September 26, 2026 at an ICE check-in appointment. (*Id.* at 20.) He was transferred to Adelanto ICE Processing Center in Adelanto, California, where he is currently detained. (*Id.*)

Petitioner brings six claims: (1) a claim alleging a violation of § 1226(a) because he is wrongfully detained without a bond hearing pursuant to § 1225(b)(2); (2) a claim for violation of the Administrative Procedure Act (APA) because his bond was revoked without making the requisite findings; (3) a claim for violation of the APA because his removal is not reasonably foreseeable; (4) a substantive due process claim alleging that his detention is not related to a legitimate government interest; (5) a procedural due process claim alleging that he was re-detained without a pre-deprivation hearing and notice; and (6) a Fourth Amendment claim alleging that he was re-arrested without reasonable suspicion or probable cause. (*Id.* at 21–33.) Petitioner seeks release or a bond hearing. (*Id.* at 33–35.)

On November 17, 2026, the Court *sua sponte* extended the deadline for Respondents to November 23, 2026, due to a clerical error. (ECF 7.) Respondents have failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed on November 23, 2026.[2] (ECF 7.) Accordingly, the Court grants the petition.

---

[2] Respondents' counsel recently informed the Chief Judge of this district that due to the volume of immigration habeas petitions, if no

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; (2) ordering

---

Notice of Appearance is filed by counsel within four days, the Court can assume that counsel will not oppose and may proceed to rule on a petitioner's filings as if counsel had affirmatively stated that it will not file an opposition.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Respondents to release Petitioner **Luis Martinez-Gonzalez**[3] from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker.[4]

DATED: November 24, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[3] The petition does not provide Petitioner's A-Number. A search of Petitioner's first name ("Luis"), last name ("Martinez-Gonzalez"), and country of birth ("Mexico") returns one result of a "Luis Alberto Martinez-Gonzalez" detained at Adelanto ICE Processing Center. *See Online Detainee Locator System*, https://locator.ice.gov/odls/#/search (last visited Nov. 24, 2026).

[4] As for Petitioner's further requested relief, the Court declines to impose prospective injunctive relief. *See Alfaro Siguenza v. Hernandez,* No. C26-2670-SKV, 2026 WL 2587980, at *6 (W.D. Wash. Aug. 27, 2026) ("the Court does not find Petitioner has shown she faces a "cognizable danger of recurrent violation""). To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).